NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
(907) 271-5071
bryan.schroder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 3:06-00046-JDR |
| ) | |
| Plaintiff, ) | |
| ) | **PLEA AGREEMENT** |
| v. ) | |
| ) | |
| STEPHEN JOHN NOWATAK, ) | |
| ) | |
| Defendant. ) | |

I.  **Introduction**

   A.   This document contains the complete plea agreement between the defendant Stephen John Nowatak and the United States. Defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

B. The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(B). This means that the defendant may not withdraw from this agreement or the guilty plea if the court does not follow the recommendation of the parties.

C. Terms:

The parties agree:

1. The defendant Stephen John Nowatak will enter a plea of guilty to Count 1 of the Information, charging misdemeanor unlawful taking of wildlife in violation of National Park Service regulations, in violation of 16 U.S.C. § 3.

2. The sentence will be as follows:

(a) 30 days imprisonment;

3. The $10 mandatory assessment will be ordered as to Count 1.

4. In exchange for and as a condition of defendant's plea of guilty to Count 1 of the Information and compliance with all the terms of this agreement, and upon entry of judgment in accordance with all the terms of this agreement, the United States will not prosecute this defendant further for any offense -- now known -- arising out of the subject of the investigation related to the charges in this case and the defendants' admissions in support of the guilty

plea. Provided, however, if defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, or if defendant breaches this plea agreement, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed or agreed to be dismissed or not prosecuted pursuant to the terms of this agreement, which charges will be automatically reinstated, as well as for perjury and false statements.

    D.    Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

II.    **What the defendant agrees to do**

    A.    I, Stephen John Nowatak, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, do hereby state my agreement to and understanding of this plea agreement. I agree the following obligations are material to this agreement. I agree that any violation of or failure to fulfill these obligations will be a material breach of this agreement.

If I breach this agreement, I understand the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, I understand at an appropriate hearing during which any of my disclosures will be admissible, the court will determine whether I have violated the terms of this agreement; the government's burden will be by a preponderance of the evidence. I agree it will be a breach of this agreement if at any time up to and including the time for imposition of sentence in my case I give false or perjurious information or testimony to or before the United States Probation Office, the United States District Court, or any agent of the United States, in any proceeding or setting.

B. **Charge to which the defendant is pleading guilty, and other obligations to which the defendant agrees**

1. I, Stephen John Nowatak, wish to enter a plea of guilty to Count 1 of the Information, which charges me with unlawful taking of wildlife in violation of National Park Service regulations, in violation of 16 U.S.C. § 3.

2. I agree that the sentence will be as follows, which terms I agree to comply with:

    (a) 30 days imprisonment;

  3.  I agree to pay the $10 mandatory assessment as to Count 1.

C. **Elements of the offense**

My attorney has explained the charges to which I am pleading guilty and the elements necessary to establish my guilty plea. I understand that in order to sustain a conviction for unlawful taking of wildlife in violation of National Park Service regulations, in violation of 16 U.S.C. § 3, as charged in this case, the United States would have to prove beyond a reasonable doubt the following elements: First, I killed a brown bear or bears within the confines of Katmai National Preserve and failed to harvest the skull and hide; Second, that the bear or bears were killed in violation of the laws & regulations of the State of Alaska, then applicable within the confines of Katmai National Preserve under National Park Service regulations, specifically that I killed the bears in an area closed to the hunting of brown bears, or that I failed to harvest the skull or hides of the bears.

D. **Waiver of trial, appellate, and collateral attack rights**

By pleading guilty, I understand that I give up and I agree to waive the following rights:

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to a speedy and public trial by a jury on the issues of my guilt or sentence, and my interest in any forfeitable assets;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

-- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial -- I understand I am not waiving my right to have counsel continue to represent me during the sentencing and any other phase of my case;

-- The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

-- The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

-- The right to contest the validity of any searches conducted on my property or person.

I understand that pleading guilty acts as a waiver of the right to appeal my conviction. I also understand and agree that as consideration for the government's commitments under this plea agreement, and if the court accepts this plea agreement and imposes a sentence consistent with its terms, including any terms or conditions of probation (if applicable) or supervised release, and which does not exceed the statutory maximum penalties, I will knowingly and voluntarily waive the right, contained in 18 U.S.C. § 3742, to appeal the sentence – including terms or conditions of probation (if applicable) or supervised release, and any fines or restitution– the court imposes. Furthermore, I also knowingly and voluntarily agree to waive the right to collaterally attack my conviction and/or sentence – including terms or conditions of probation (if applicable) or supervised release, and any fines or restitution– the court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to me and which, in the exercise of reasonable diligence, could not be known by me at the time the court imposes sentence; and 2) a challenge to the voluntariness of my guilty plea. I also agree that if my guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if my sentence is vacated, reversed, set aside, or modified, at any time, in any

proceeding, for any reason, the United States will be free to prosecute me on all charges arising out of the investigation of this case for which there is probable cause.

E.  **Maximum statutory penalties**

I understand the maximum statutory penalties for unlawful taking of wildlife in violation of National Park Service regulations, in violation of 16 U.S.C. § 3, include the following for the facts upon which my plea will be entered: a) imprisonment for 6 months, b) 5 years of probation, c) a $5000 fine, and d) a $10 mandatory special assessment. I understand the following may also apply and affect my sentence: 1) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 2) the court may order that I pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

I agree I will owe the entire $10 mandatory assessment in this case on the day the court imposes sentence. I understand that all payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

F. **Application of the United States Sentencing Guidelines**

The parties agree that the United States Sentencing Guidelines have no application to the determination of the Defendant's sentence in this case, inasmuch as the violation to which the Defendant will plead is a Class B misdemeanor, to which the Guidelines do not apply.

G. **Satisfaction with counsel**

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the court and enter my guilty pleas. My attorney and I have discussed all possible defenses to the charge to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the effect of the United States Sentencing Commission Guidelines on my sentence.

H. **Factual basis for the plea**

I admit that the charge against me in Count 1 of the Information are true and stipulate to the truth of the following factual basis for my plea and that this factual basis supports my guilty plea in this case:

On or about July 20, 2004, I borrowed a shotgun and 4 wheel all-terrain vehicle (ATV), and drove from the village of Kokanhok into the Katmai National Preserve. I was accompanied by Bobby Hester. Alongside the Eastern end of Funnel Creek, near Mirror Lake, I killed 2 brown bears with slugs fired from the shot gun. I left the bears where they fell, and did not harvest the skull, hide, or meat of the animal.

III.  **What the United States agrees to do**

A.  In exchange for and as a condition of defendant's plea of guilty to Count 1, the United States agrees that upon entry of judgment in accordance with all the terms of this agreement the United States will not prosecute defendant further for any offense -- now known -- arising out of the subject of the investigation related to the charges in this case and the defendant's admissions in support of the guilty plea. Provided, however, if defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, or if defendant breaches this plea agreement, the United States will be free to prosecute defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed or agreed to be dismissed or not prosecuted pursuant to the terms of this agreement,

which charges will be automatically reinstated, as well as for perjury and false statements.

The Government will not seek a fine or restitution as the defendant has no apparent ability to pay.

The government agrees to support a delayed reporting time for the defendants' imprisonment to a date after the defendant has completed subsistance preparation for this winter (winter of 2006-2007). The government agrees to work with the defendant and the U.S. Probation Office to find an appropriate date.

## IV.   Adequacy of the agreement

The sentence to be imposed under the terms of this plea agreement will serve to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide the defendant an opportunity for rehabilitation.

## V.   The defendant's acceptance of the terms of this plea agreement

By my signature below, I, Stephen John Nowatak, affirm that this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into

with me that have affected my decision to enter any plea of guilty or to enter into this agreement.

I understand that I have a right to plead not guilty and proceed to trial, and that no one can force me to plead guilty. I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

I understand the court will ask me under an oath to answer questions about the offense to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1 of the Information.

DATED: 8/25/06

_____
STEPHEN JOHN NOWATAK
Defendant

As counsel for defendant, I have discussed the terms of this plea agreement with defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea. Based on these discussions, I have no reason to doubt that defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 8/25/06

_____
SAMUEL J. FORTIER
Attorney for STEPHEN NOWATAK

On behalf of the United States, the following accept Stephen John Nowatak's offer to plead guilty under the terms of this plea agreement.

DATED: 8/24/06

BRYAN SCHRODER
Assistant United States Attorney

DATED: 8/24/06

DEBORAH M. SMITH
Acting United States Attorney