Samuel J. Fortier, Esq.
FORTIER & MIKKO, P.C.
Attorneys for Steven J. Nowatak
101 W. Benson Blvd. Suite 304
Anchorage, AK 99503
Telephone (907)277-4222
Facsimile: (907)277-4221
E-Mail: sfortier@fotmikk.alaska.com

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:06-cr-0046-JDR |
| vs. | ) |
| | ) |
| STEVEN JOHN NOWATAK, | )**DEFENDANT'S SENTENCING** |
| | )**MEMORANDUM** |
| | ) |
| Defendant. | ) |
| _____ | ) |

**Introduction**

     Mr. Nowatak stands before the court convicted of violating 16 U.S.C. 3, upon his plea of Guilty. The maximum penalty is a fine of not more than $500.00, or imprisonment for a term not exceeding six months, or both. Accordingly, pursuant to 18 U.S.C. 3559 (a), a violation of 16 U.S.C. §3, upon conviction, is a Class B Misdemeanor, *i.e.*, a petty offense. See, 18 U.S.C. §19. Mr. Nowatak has admitted his role in the shooting of two bears, out of season, in Katmai P.

1

Mr. Nowatak entered his plea pursuant to a Plea Agreement, which was presented to this court on August 25, 2006. The Plea Agreement provides that Mr. Nowatak, upon his plea of Guilty, will be sentenced to 30 days imprisonment, and pay a $10.00 mandatory fine. There are no other terms.

**Facts**

Mr. Nowatak is 27-years-old, and was born and raised in the small village of Kokhanok, Alaska, on the shores of Lake Iliamna. He has never traveled outside of Alaska. Mr. Nowatak is a subsistence hunter and fisherman for the Village, and also participates in the cash economy as a commercial fisherman in the Bristol Bay Drift Gill Net Fishery. Mr. Nowatak's family, for the most part, also resides in Kokhanok, and that family includes his mother, his father, and three of his four sisters. His fourth sister lives in the Anchorage area.

Mr. Nowatak has little money, no property, and maintains a very frugal life. He has generally avoided the Criminal Justice System, either state or federal. Thus, the allegations in this case amount to an aberration. However, as Mr. Nowatak candidly informed agents of the National Park Service and, most recently, this court, he shot two bears at close range on federal parklands, when hunting was closed, on July 20, 2004. When confronted by the National Park Service with the facts of the bear kills, Mr. Nowatak admitted his involvement. This court, too, had an opportunity to assess Mr. Nowatak's acceptance of responsibility at his Change of Plea Hearing on August 25, 2006, and as well, had an opportunity to observe Mr. Nowatak's remorse.

**Legal Argument**

The presentence report in this case was not required, and was waived.

Thus, in assessing the sentence to impose in this case, the court is to be guided by 18 U.S.C. §3553. That section directs that the court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this [§ 3553 (a)].

In considering the factors, the court is to consider the nature and circumstances of the offense, and the history and characteristics of the defendant.

Mr. Nowatak has asserted no defenses to his act. He has conceded, accordingly, to the wrongfulness of his conduct, and has demonstrated genuine remorse. He concedes that the area in which the conduct took place was closed to hunting. He gave up any affirmative defenses in this matter. He has also not challenged the authority of the government to prosecute him. In short, Mr. Nowatak stands before this court as a 27-year-old man, from a remote Alaska village, who committed an act for which he now takes full responsibility.

The government has agreed that Mr. Nowatak's proposed sentence is appropriate and, notwithstanding any additional evidence that the government may put on, that, upon entry of judgment in accordance with all the terms of the Plea Agreement, "the United States will not prosecute the defendant for any offense - - now known - - arising out of the subject of the investigation related to the charges in this case, and the defendant's admissions in support of the guilty plea." See, Plea Agreement at ¶ 3 A. The

government has also agreed to a delayed jail report date, so that Mr. Nowatak may complete subsistence preparation this winter for his family. Id.  In addition, the government has agreed that "the sentence to be imposed under the terms of this Plea Agreement will serve adequately to protect the public and reaffirm societal norms, provide for the deterrence to the defendant and others, and provide the defendant an opportunity for rehabilitation." Plea Agreement at ¶ 4.

Of course, the government received substantial assistance from Mr. Nowatak. Mr. Nowatak was honest and forthright to the government, basically waived all possible defenses, speaking without reserve to the federal officers when they visited him in Kokhanok. As if Mr. Nowatak were not sufficiently forthright to the government officers, when questioned by this court, Mr. Nowatak freely admitted to the charges contained in the Information, and told the court, in response to questions from the court as to issues of defense of self or property against dangerous animals, that he had none.

Pursuant to 18 U.S.C. 3353(e), and upon motion of the government, the court has the authority to impose a sentence below the level established by statute as a minimum sentence in order to reflect the defendant's substantial assistance in the investigation and prosecution of another person who has committed an offense. The government has not so moved, but it is clear that, under the circumstances of this case, Mr. Nowatak did so assist the government.

Mr. Nowatak knows that this court will impose a sentence of one month imprisonment upon him. Although the court cannot direct the Bureau of Prisons as to

4

where to place Mr. Nowatak, Mr. Nowatak requests the court recommend to the Bureau of Prisons that Mr. Nowatak be permitted to do his 30 days in Anchorage, and preferably at the Cordova House.

**Conclusion**

Mr. Nowatak was born and raised in the remote village of Kokhanok. He is not widely traveled, and has never been out of Alaska previously. He has changed his plea to Guilty, waiving all of his defenses to the crime charged. Needless to say, Mr. Nowatak is terrified, and, as the government concedes in the Plea Agreement, 30 days imprisonment, under these circumstances, satisfies all the requirements of 18 U.S.C. §3553, amply. On behalf of Mr. Nowatak, the undersigned counsel requests that this court strongly recommends to the Bureau of Prisons that Mr. Nowatak be permitted to stay in Alaska, and preferably at the Cordova House, to complete his sentence.

RESPECTFULLY SUBMITTED this 25th day of October, 2006 at Anchorage, Alaska

FORTIER & MIKKO, P.C.
Attorneys for Defendant

s/ Samuel J. Fortier
101 West Benson Blvd., Suite 304
Anchorage, AK 99503
Phone: (907) 277-4222
Fax: (907) 277-4221
E-mail: sfortier@fortmikk.alaska.com
AK Bar No. 8211115

CERTIFICATE OF SERVICE

I CERTIFY that on the 25th day of October, 2006, a copy of the foregoing was served electronically on

Bryan Schroder, Asst. U.S. Attorney

s/ Samuel J. Fortier