NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel.: (907)271-5071
Fax: (907)271-1500
Email: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-00046-JDR |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **SENTENCING** |
| vs. | ) | **MEMORANDUM** |
| | ) | |
| STEPHEN JOHN NOWATAK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW, the United States of America, by and through undersigned counsel, and submits its sentencing memorandum concerning defendant Stephen John Nowatak, as follows:

**I.    Summary**

On August 25, 2006, Mr. Nowatak pled guilty to the information in this case, one count of unlawful taking of wildlife in violation of National Park Service regulations, a violation of 16 U.S.C. § 3.  The maximum punishment for the offense is imprisonment for 6 months, a $5000 fine, 5 years of probation, and a $10 mandatory special assessment.  Although the maximum fine under 16 U.S.C. § 3 is listed as $500, under the 18 U.S.C. § 3571(e), the actual maximum amount of the fine is $5000.

**II.    Government's Recommendation**

As contemplated by the plea agreement, the government recommends that the court sentence Mr. Nowatak to 30 days imprisonment.

On or about July 20, 2004, the Defendant borrowed a shotgun and 4 wheel all-terrain vehicle (ATV), and drove from the village of Kokanhok into the Katmai National Preserve.  He was accompanied by Bobby Hester.  Alongside the Eastern end of Funnel Creek, near Mirror Lake, he killed 2 brown bears with slugs fired from the shot gun.  He left the bears where they fell, and did not harvest the skull, hide, or meat of the animal.

The factors identified for the court to consider during sentencing under 18 U.S.C. § 3553 include the nature and circumstances of the offense, the history and characteristics of the defendant, plus the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide adequate deterrence to criminal conduct, and provide just punishment for the offense. A sentence of 30 days imprisonment, as agreed upon in the plea agreement, is consistent with all of these factors, as they are applied in this case.

The nature of the offense was a blatant slaughter of two brown bears, with no attempt to harvest any useful part of the bear. Moreover, the killing of the bears occurred in Katmai National Preserve, which along with the adjacent Katmai National Park, is internationally known for its brown bear population. Thus, the Defendant senselessly killed two animals which are not only icons in Alaska, but are specific symbols of this park and preserve. The Government intends to call a senior enforcement ranger from Katmai National Park and preserve to briefly testify about the importance of these animals to the park and preserve, and what these killings meant to their work.

While the brown bears at Funnel Creek may not be as visible as the bears in Brooks Camp in Katmai National Park, Funnel Creek is a popular flight seeing destination, and the bears in this case were found by a flight seeing operation.

The Government intends to call the flight seeing operator who found the bears to briefly testify about what this offense meant to him and his business.

The history of the Defendant is not unscathed. Most importantly, he has a previous conviction for assault in 2002, as documented in the Pre-Trial Services Report of 6/6/2006. Moreover, while the Defendant has pled guilty to the offense and entered into a plea agreement, his admissions did not occur until April of 2006, near the completion of the investigation. Thus, while he confirmed his own role in the offenses, he did not provide substantial assistance to the investigation.

As discussed above, the nature of the acts, killing bears simply for their destruction, is a serious offense that calls for a serious punishment. Moreover, this offense has had significant visibility throughout the state, and has been especially significant in Kokanok and Katmai National Park & Preserve. A strong sentence will promote respect for the law throughout the state by showing that the senseless destruction of wildlife, especially these iconic animals, will not be tolerated. A strong sentence, specifically a sentence of confinement, will also provide a powerful deterrent to others contemplating similar senseless acts.

The Government asks the courts to sentence the Defendant to 30 days confinement, as agreed in the plea agreement. Any attempt to lessen that sentence to time in a halfway house would seriously diminish the seriousness of the crime

to the citizens of the state, the villagers in Kokhanok, and the defendant himself. A sentence of imprisonment sends a strong signal and provides a just punishment for the crime.

RESPECTFULLY SUBMITTED this 26th day of October, 2006, in Anchorage, Alaska.

> NELSON P. COHEN
> United States Attorney
>
> s/Bryan Schroder
> BRYAN SCHRODER
> Assistant U.S. Attorney
> Federal Building & U.S. Courthouse
> 222 W. 7th Avenue, #9, Room 253
> Anchorage, Alaska 99513-7567
> Tel.: (907)271-5071
> Fax: (907)-271-1500
> Email: bryan.schroder@usdoj.gov
> Bar #: WA 21146

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2006,
a copy of the foregoing **GOVERNMENT'S SENTENCING MEMO**, was served,
via Electronic Filing, on:

Samual J. Fortier,

s/Bryan Schroder