Samuel J. Fortier, Esq.
FORTIER & MIKKO, P.C.
Attorneys for Steven J. Nowatak
101 W. Benson Blvd. Suite 304
Anchorage, AK 99503
Telephone (907)277-4222
Facsimile: (907)277-4221
E-Mail:  sfortier@fotmikk.alaska.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE STATE OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:06-cr-0046-JDR |
| ) | |
| STEVEN JOHN NOWATAK, ) | |
| ) | |
| Defendant . ) | **MOTION TO CORRECT SENTENCE** |
| ) | (Rule 35(a); Fed. R. Crim. Proc.) |

COMES NOW the Defendant, Steven Nowatak, by and through counsel, and hereby moves this Court for an order correcting the sentence in this case on the grounds that a sentence of imprisonment <u>and</u> a sentence of probation constitute clear error.

### **FACTS**

Mr. Nowatak was charged with a single count of violating National Park and Preserve regulations under 16 U.S.C. § 3, to which he entered a plea of guilty on August 25, 2006. Mr. Nowatak's plea of guilty was made pursuant to a written plea agreement filed in open court on August 25th. The sentencing, however, was continued until November 2, 2006,

1

upon motion of the Government. The written plea agreement provided that Mr. Nowatak's conviction would be to a Class B Misdemeanor, and also provided that the parties agreed to a sentence of 30 days imprisonment and a $10 mandatory assessment.

At the sentencing on November 2, 2006, after hearing from several government witnesses, the Court imposed the following sentence:

1. 30 days imprisonment.

2. One-year probation, with special conditions that included that Mr. Nowatak not possess a firearm, or hunt or trap for a period of one-year.

The defense questioned the Court regarding the terms of the sentence. The Court confirmed that the 30 days' imprisonment was to be considered a part of the sentence of probation. The Court rejected the request of counsel that the confinement be community confinement. In addition, the Court also stated, unequivocally, that the offense of conviction was not a petty offense under Title 18.

Mr. Nowatak remanded himself, following the sentencing. He was taken into custody. Mr. Nowatak is now serving the 30-day term of imprisonment.

## ARGUMENT

### A. Standard of Review

Under Rule 35, Fed. R. Crim. Proc., the Court is authorized to correct sentencing that results from, *inter alia,* "[o]ther clear error." A sentence that violates statutes precluding imposition of both a sentence of probation and a sentence of imprisonment constitutes clear

error.[1] Because the sentence in this case imposes a term if imprisonment and a term of probation, and because the term of imprisonment is not intermittent but continuous, for a 30-day period, the sentence is illegal and, therefore, constitutes clear error.

### B. The Structure of the Sentencing Statute

18 U.S.C. § 3551 sets forth authorized sentences. Pursuant to 18 U.S.C. § 3551(a):

> [A] defendant who has been found guilty of an offense described in any federal statute … shall be sentenced in accordance with the provisions of this chapter ….

18 U.S.C. §3551 specifies the authorized sentences of individuals. 18 U.S.C. § 3551(b) specifies that:

> [A]n individual found guilty of an offense shall be sentenced, in accordance with the provisions of section 3553, to:
>
> (1) A term of probation as authorized by sub-chapter B;
> (2) A fine as authorized by sub-chapter C; <u>or</u>
> (3) A term of imprisonment as authorized by sub-chapter D.

(Emphasis supplied.) It is clear that the sentence in this case, imposing a term of imprisonment and a term of probation, constitutes an unauthorized sentence.

18 U.S.C. § 3561 is entitled "Sentence of probation." 18 U.S.C. § 3561(a) provides:

> A defendant who has been found guilty of an offense may be sentenced to a term of probation unless –
>
> 1) The offense is a Class A or Class B Felony and the defendant is an individual;
>
> 2) The offense is an offense for which probation has been expressly precluded; or

---

1 *United States v. Forbes,* 172 F.3d 675, 676 (9th Cir. 1999).

> 3) The defendant is sentenced at the same time to a term of imprisonment for the same or different offense which is not a petty offense.

Here, the Court made clear its sentence was one of probation. A sentence of probation cannot include a term of imprisonment. 18 U.S.C. § 3561(a)(3).

The Court made it clear in its colloquy with defense counsel that the offense in this case is not a petty offense. *See* log notes. The Court explained that the offense is not a petty offense because the authorized term of imprisonment is six months. Id. It is indisputable that the offense for which Mr. Nowatak received a term of imprisonment was the same offense for which the sentence of probation was stated. He was before the Court on but one offense; that was the offense of violating 16 U.S.C. § 3.

In *United States v. Forbes,*[2] the Ninth Circuit considered a similar sentence of imprisonment within a sentence of probation. In *Forbes,* the defendant pleaded guilty to a single count of bankruptcy fraud, and the Government recommended a sentence of five months in prison, and five months in community confinement.[3] The court imposed restitution of $5,000 and probation of five years, and in addition, provided that, "[F]orbes would remain for six months in the custody of the Bureau of Prisons."[4] The Ninth Circuit found that the sentence constituted plain error and "[m]eets the criteria of *United States v. Olano,* 507 U.S. 725 … (1993)."[5] The Ninth Circuit thus reversed the sentence.

---

[2] 172 F.3d 676.
[3] *Id.*
[4] *Id.*
[5] *Id.*

A deviation from a legal rule is "error" unless the rule has been waived.[6] Clearly, the legal rules with respect to distinguishing a sentence of imprisonment from a sentence of probation have not been waived, and under Rule 35, the sentence is illegal.

The Government may argue that the sentence is merely one of intermittent incarceration. In *Forbes*, the Ninth Circuit rejected a similar argument, stating: "No doubt Forbes could have been imprisoned nights or weekends but a straight sentence of six months is not the intermittent incarceration that the statute permits."[7] A straight sentence of one month therefore cannot be intermittent incarceration under the statute.[8]

## CONCLUSION

The Court's imposition of a sentence of <u>probation</u> that included 30 <u>consecutive</u> days imprisonment constitutes clear error. The Court may impose either a sentence of imprisonment or a sentence of probation, but not both, under 18 U.S.C. § 3551. The Court is requested to re-sentence Mr. Nowatak, according to the plea agreement, which included only a term of imprisonment, and without probation, pursuant to the agreement of the parties.

---

[6] *United States. v. Olano,* 507 U.S. 725, 732-33 (1993).
[7] *Id.*
[8] C.F. *United States v. James O,* 238 F.3d 432 (2000) (Table) (Seven months incarceration may not be imposed as a condition of probation.); see also, *United States v. Mueller*, 463 F.3d 887, 889 (9th Cir. 2006) "Under the new statutory scheme . . . probation constitutes a type of sentence in and of itself."

Respectfully submitted this 3rd day of November, 2006.

FORTIER & MIKKO, P.C.
Attorneys for Steven Nowatak:

s/Samuel J. Fortier
101 West Benson Blvd., Suite 304
Anchorage, AK  99503
Phone: (907) 277-4222
Fax:  (907) 277-4221
E-mail: sfortier@fortmikk.alaska.com
Alaska Bar No. 8211115

CERTIFICATE OF SERVICE

I CERTIFY that on the 13th day of November, 2006, a copy of the foregoing was served electronically on

Bryan Schroder, Asst. U.S. Attorney

s/ Samuel J. Fortier