NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
(907) 271-5071
Email: bryan.schroder@usdoj.gov

Attorney for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-00046-JDR |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **OPPOSITION TO** |
| vs. | ) | **DEFENDANT'S MOTION** |
| | ) | **CORRECT SENTENCE** |
| STEPHEN JOHN NOWATAK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW Plaintiff, the United States of America, and opposes the

Defendant's Motion to Correct Sentence.

I. **INTRODUCTION**

Federal Rule of Criminal Procedure 35(a) provides the court with limited

jurisdiction and substantive reasons to correct sentences. The Defendant's Motion

to Correct Sentence deprives the court of jurisdiction to rule on the motion and does not provide a sufficient basis for a correction. Because the Defendant filed his motion to correct sentence after the running of the time limit provided in Federal rule of Criminal Procedure 35(a), the court is deprived of the ability to rule on the Defendant's motion within the required 7 days after oral sentencing. Moreover, the Defendant misreads the sentencing statutes under 18 U.S.C. § 3551 et seq. and 18 U.S.C. § 3561 et seq., and the precedent within the Ninth Circuit, in reaching the conclusion that the court improperly imposed a sentence of imprisonment and probation. Because the conviction under 16 U.S.C. § 3 is classified as a Class B misdemeanor, which is a petty offense, imprisonment and probation may be assigned as part of the sentence for the same offense.

II.   **FACTS**

On or about July 20, 2004, the Defendant borrowed a shotgun and 4 wheel all-terrain vehicle (ATV), and drove from the village of Kokanhok into the Katmai National Preserve. Alongside the Eastern end of Funnel Creek, near Mirror Lake, the Defendant killed 2 brown bears with slugs fired from the shot gun. He left the bears where they fell, and did not harvest the skull, hide, or meat of the animal.

Under the terms of a plea agreement, the Defendant pled guilty to the information charging him with a violation of 16 U.S.C. § 3.

III. **BECAUSE 7 DAYS HAVE ELAPSED SINCE THE DEFENDANT WAS SENTENCED, THE COURT LACKS JURISDICTION TO CORRECT THE SENTENCE.**

Federal Rule of Criminal Procedure 35(a) does not provide the court with unlimited jurisdiction to change a previously issued sentence. The rule provides both a time limit on the court's potential actions, as well as substantive limits. Because the Defendant did not file his motion to correct the sentence in time to allow the court to rule within 7 days, he deprived the court of jurisdiction to rule on his motion.

Federal Rule of Criminal Procedure 35(a) states:

> (a) **Correcting Clear Error**. Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

The court must rule within 7 days of the sentencing, or the court does not have jurisdiction to correct the sentence under the rule. U.S. v. Penna, 319 F.3d 509, 512 (9th Cir. 2003). Moreover, the 7 day time limit runs from the oral imposition of sentence. Id.

In this instance, the court orally imposed sentence on the November 2, 2006. The defendant filed his Motion to Correct Sentence on November 13, 2006, 11 days after the sentence was imposed. By failing to file his motion promptly, the Defendant has deprived the court of jurisdiction on the matter.

IV. **A DEFENDANT WHO COMMITS A CLASS B MISDEMEANOR CAN BE SENTENCED TO BOTH IMPRISONMENT AND PROBATION.**

However, even if the Defendant had not deprived the court of jurisdiction, there was no clear error in the courts sentence. Because the violation falls under the category of a petty offense, the court's sentence was appropriate, and there is no error.

For an individual, an authorized sentence under 18 U.S.C. 3551(b) shall include:

> (1) a term of probation as authorized in subchapter B;
> (2) a fine as authorized in subchapter C; or
> (3) a term of imprisonment as authorized by subchapter D.

Because of the "or" connecting the second and third clauses, any of the three sentences, or a combination of the three are authorized.

In some instances, a sentence of probation cannot be issued along with a sentence of imprisonment:

> (a) In general - A defendant who has been found guilty of an offense may be sentenced to a term of probation unless --
> (1) the offense is a Class A or Class B felony and the defendant is an individual;
> (2) the offense is an offense for which probation has been expressly precluded; or
> (3) the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is <u>not a petty offense</u>.

18 U.S.C. § 3561 (emphasis added).

Thus, while there is a general prohibition against a sentence of imprisonment and probation, there is a specific exception for petty offenses.

The offense in this case is a petty offense. A violation of 16 U.S.C. § 3 carries a maximum penalty of 6 months imprisonment. Because the maximum term of imprisonment is "six months or less, but more than 30 days," the offense is classified as a Class B misdemeanor. 18 U.S.C. § 3559(a)(7). Class B misdemeanors, along with Class C misdemeanors and infractions, are defined as petty offenses. 18 U.S.C. § 19.

Because the offense was a petty offense, the court's sentence of imprisonment and probation is authorized. Because of this significant difference, the cases cited by the Defendant are distinguishable. In the primary case cited by the Defendant, U.S. v. Forbes, 172 F.3d 675 (1999), the defendant was convicted of bankruptcy fraud under 18 U.S.C. § 157, a Class D felony. The court ruled that probation and imprisonment were not authorized, but did not discuss the petty offenses exception because there was no need to address the issue in a felony case. Because of the petty offenses exception, cases cited by the Defendant related to felonies or other non-petty offenses are not precedent, and are not instructive. The plain language of 18 U.S.C. § 3561 indicates that there is no restriction to

sentencing a defendant to probation and imprisonment for a petty offense.

## V.     CONCLUSION

Because the Defendant filed his motion to correct sentence after the running of the time limit provided in Federal Rule of Criminal Procedure 35(a), the court was deprived of the ability to rule on the Defendant's motion within the required 7 days after oral sentencing.  Thus, the court does not have jurisdiction to rule on the Defendant's motion.  Moreover, there is no clear error in the sentence imposed by the court.  Because the violation in this instance fits the definition of a petty offense, a combination of probation and imprisonment is an authorized punishment under the plain language of the sentencing statutes.  The cases cited by the Defendant are distinguishable because they did not involve petty offenses.

WHEREFORE plaintiff respectfully requests that the Defendant's Motion to

//

//

//

//

//

//

//

Correct Sentence be denied.

RESPECTFULLY SUBMITTED this 29th day of November, 2006, at Anchorage, Alaska.

        NELSON P. COHEN
        United States Attorney

        s/Bryan Schroder
        BRYAN SCHRODER
        Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        222 West Seventh Avenue, #9
        Anchorage, Alaska  99513-7567
        (907) 271-5071
        Email: bryan.schroder@usdoj.gov
        Bar # 21146

**CERTIFICATE OF SERVICE**

I hereby certify that on November  29 , 2006,
that a true and correct copy of the foregoing
**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO CORRECT SENTENCE**, was
served, via Electronic Filing, on:

```
Samuel Fortier
Fortier & Mikko, PC
```

s/Bryan Schroder