IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) Case No. 3:06-cr-0046-JDR | |
| vs. ) | |
| ) | |
| STEVEN JOHN NOWATAK, )**Response to Government's Opposition to** | |
| )**Defendant's Motion to Correct Sentence** | |
| Defendant. ) | |
| ) | |

## Introduction

Steven Nowatak entered into a plea agreement with the United States in which Mr. Nowatak agreed to plead guilty, and the government agreed to recommend a sentence of 30 days imprisonment. The court, however, imposed a sentence of 30 days imprisonment, and one-year probation. Mr. Nowatak moved this court to correct this sentence under Federal Rule of Criminal Procedure 35(a) because a sentence of imprisonment and a sentence of probation are not authorized under 18 U.S.C. § 3551(b). Mr. Nowatak brought his motion within 7 days of the oral pronouncement of the sentence, not counting weekends and holidays, as permitted under pursuant to Rule 45(a) of the Federal Rules of Criminal Procedure. The government has opposed the motion.

1

## Argument

### I. The Motion was Timely Filed.

The government initially asserts that the Motion to Correct Sentence, pursuant to 35(a) Fed. R. Cr. P. was untimely. The government's argument is demonstrably erroneous. Defendant's motion was timely filed.

First, the parties agree that the sentencing in this case occurred on November 2, and pursuant to Rule 35 (a) Fed. R. Cr. P., Mr. Nowatak brought to this court's attention that the sentence imposed was illegal. He filed the motion within the time permitted pursuant to Rule 45 Fed. R. Cr. P. Rule 45 Fed. R. Cr. P. provides that the computation of a period of time specified in the Rule is computed by:

(1) excluding the day of the act that begins the period;

(2) excluding intermediate Saturday's, Sunday's and legal holidays when the period is less than 11 days;

(3) include the last day of the period unless it is a Saturday, Sunday, legal holiday, or a day in which weather or other conditions makes the Clerk's office inaccessible; and

(4) Veteran's Day is a legal holiday that occurs on November 11.[1]

---

[1] Rule 45(a) (1-4) (viii).

2

Here, Mr. Nowatak's filing of the motion within the time permitted under Rule 45 tolled the running of Rule 35(a). In *U.S. v. Penna*,[2] cited by the government, the 9th Circuit considered Rule 35(c) prior to its 2004 amendment. The Rule then stated, "<u>the court, acting within 7 days</u> after imposition of sentence may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error."[3] (Emphasis added.) The Rule was rewritten in 2004. It now provides that, "within 7 days after sentencing, the court may correct a sentence . . . ." Thus, it no longer directs the court. Instead, the Rule permits a party to <u>seek</u> the court's authority. The jurisdiction of the court continues until the matter has been determined.

Alternatively, even if the court should find it lacks jurisdiction under Rule 35 Fed. R. Cr. P., the court does have jurisdiction under Rule 36 Fed. R. Cr. P.[4] Here, it is clear that the federal court overlooked issues relating to the requirement, under the statute, of intermittent incarceration.[5]

---

[2] 319 F.3d 509 (9th Cir. 2003).

[3] 319 F.3d at 512.

[4] Rule 36 FRCP provides:

> After giving any notice that considers appropriate, the court may at any time correct a clerical error in a judgment, or in any part of the record, or correct an error in the record arising from oversight or omission.

[5] 18 U.S.C. 3562 (b)(10).

3

## II. A Defendant Cannot be Sentenced to Both Imprisonment and Probation.

The government argues that, because the offense in this case fell under the category of "a petty offense," there was no error. First, the court and the government both proclaimed that this offense was not a petty offense when counsel questioned that issue. See, Log Notes. Second, the government's analysis of 18 U.S.C. §3551(b) is in error. The government argues that 18 U.S.C. §3551 (b) allows a term of probation and a term of imprisonment because the word "or" connecting the second and third clause would permit a combination of the three provisions. No authority is cited, however.

More importantly, 18 U.S.C. 3561 expressly prohibits a sentence of imprisonment and a term of probation. The government so concedes. See, Brief at 4 - 5. If the sentence is one of probation, and not imprisonment, then the 30 days the court imposed necessarily had to have been intermittent. *U.S. v. Forbes.*[6] The government's argument that *Forbes* is different because in that case, the defendant was convicted of a Class D Felony, is frivolous. Here, the court announced that the sentence of probation was 30 days, to be served all at the same time as a condition of the one-year probation. As such, a straight sentence of 30 days is not intermittent incarnation. Because the court made the sentence as a condition of probation, it must be intermittent.

---

[6] 172 F. 3d 675 (1989).

4

RESPECTFULLY SUBMITTED this 1st day of December, 2006 at Anchorage, Alaska

FORTIER & MIKKO, P.C.
Attorneys for Defendant

s/ Samuel J. Fortier
101 West Benson Blvd., Suite 304
Anchorage, AK  99503
Phone:  (907) 277-4222
Fax:  (907) 277-4221
E-mail: sfortier@fortmikk.alaska.com
AK Bar No.  8211115

CERTIFICATE OF SERVICE

I CERTIFY that on the 1st day of December, 2006, a copy of the foregoing was served electronically on

Bryan Schroder, Asst. U.S. Attorney

s/ Samuel J. Fortier