UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>STEPHEN JOHN NOWATAK<br><br>　　　　　Defendant. | 3:06-cr-00046-JDR<br><br>**ORDER  REGARDING<br>MOTION<br>TO  CORRECT  SENTENCE**<br>(Docket No. 36) |

Defendant **Stephen John Nowatak** moves the court pursuant to Federal Criminal Rule 35(a) to correct his sentence on grounds that the sentence of imprisonment and probation constitute clear error. Docket No. 36. The motion is opposed by the government. Docket No. 38. Nowatak submitted a reply. Docket No. 40. The court being duly advised in the premises concludes that the motion to correct sentence lacks merit.

Stephen Nowatak pled guilty to a single count of violating the National Park and Preserve Regulations under 16 U.S.C. § 3 on August 25, 2006. A written plea agreement provided that Nowatak was pleading guilty to a Class B misdemeanor and the parties agreed to a sentence of thirty (30) days imprisonment and a mandatory special assessment of $10.00.

Sentencing occurred on November 2, 2006. The court imposed a sentence of probation for one year with a special condition that Nowatak serve 30 days imprisonment during the period of probation. The motion to correct sentence was filed November 13, 2006.

The government argues that the court lacks jurisdiction under Federal Criminal Rule 35 because the motion was untimely filed. Rule 35 of the Federal Rules of Criminal Procedure allows the court to correct clear error in a sentence imposed as follows: "(a) within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error".[1] Rule 45 of the Federal Criminal Rules provides that the computation of a period of time specific in the Rules is computed by excluding the day of the act that begins the period and excluding intermediate Saturdays and Sundays when the period is less than 11 days. Applying Rule 45 Nowatak's Rule 35(a) motion is timely filed. Moreover, a

---

[1] "Sentencing" in Rule 35 means "the oral pronouncement of the sentence." Rule 35(c), Federal Rules of Criminal Procedure.

motion to correct an illegal sentence may be made within one year from the date on which the judgment of conviction became final.  28 U.S.C. § 2255.

Nowatak argues that his sentence is one not authorized under 18 U.S.C. § 3551(b) because it includes both a sentence of imprisonment and a sentence of probation.  Section 3551(b) permits a defendant to be sentenced in accordance with the provisions of § 3553 including a term of probation as authorized by sub-chapter B to Chapter 227 Title 18 (addressing sentences) and to a term of imprisonment as authorized by sub-chapter D to Chapter 227.  *See*  18 U.S.C. § 3551(b)(1) and (3).

Section 3561 of Title 18 U.S.C. codified in sub-chapter B provides that a defendant who has been found guilty of an offense may be sentenced to a term of probation unless "the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense." 18 U.S.C. § 3561(a)(3).  This prohibition against a term of probation does not apply because Nowatak has been sentenced for a petty offense.  A petty offense as used in Title 18 of the United States Code includes a Class B misdemeanor.

Nowatak argues that because the prosecutor stated at sentencing that the defendant was not being convicted for a petty offense that his conviction upon his plea of guilty to the Information cannot be considered a conviction for a petty offense.  A conviction under 16 U.S.C. § 3 is classified as a Class B misdemeanor.

The plea agreement recognized that the defendant was pleading to a Class B misdemeanor.  Section 3559(a)(7) provides that if the maximum term of imprisonment is six months or less but more than thirty days the offense is classified as a Class B misdemeanor.  Under the facts of the case Nowatak was sentenced for a Class B misdemeanor. Sub-chapter D of Chapter 227 of Title 18 addresses imprisonment.  Section 3581(a)(7) provides that the defendant may be sentenced to a term of imprisonment of not more than six months for a Class B misdemeanor. 18 U.S.C. § 3581(b)(7).

Nowatak argues that a sentence for imprisonment and probation are not authorized under 18 U.S.C. § 3551(b).  *See* Response to Government's Opposition, Docket No. 40, p.1.  A sentence of probation with a special condition requiring a period of imprisonment which does not exceed the term of imprisonment authorized for a Class B misdemeanor does not violate 18 U.S.C. § 3551.  Nowatak was not sentenced to serve a term of imprisonment apart from that constituting a special condition of probation.  That he chose to serve the thirty days imposed all at once and the court so allowed, does not violate § 3551.

The United States has correctly assessed that United States v. Forbes, 172 F.3d 675 (9th Cir. 1999) is readily distinguishable because in Forbes the defendant was convicted of bankruptcy fraud under 18 U.S.C. § 157, a Class D felony.  In Forbes the defendant's sentence included a straight sentence of six

months which the Ninth Circuit found not to be an intermittent incarceration as permitted by 18 U.S.C. § 3563(b). Section 3563(b) permits as a condition of probation a sentence to the custody of the Bureau of Prison "during nights, weekends, or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense. . . ." 18 U.S.C. § 3563(b)(10). The court is authorized under 18 U.S.C. § 3553(a) to consider intermittent incarceration when necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, and afford adequate deterrence to criminal conduct.

Nowatak's sentence as pronounced in open court was not for a straight term of imprisonment. The oral pronouncement of sentence on November 2, 2006 clearly placed Nowatak on probation for a period of one year. One of the special conditions imposed was that he serve thirty days in a jail-type facility. The court did not require incarceration to be continuous. Mr. Fortier, defense counsel, stated that Nowatak was prepared to start serving the thirty days immediately. The court expressed concern about who would bear the cost of the imprisonment commitment if Nowatak chose to return to his community but would need to surrender to the Marshal in Anchorage. The court allowed the commitment condition of probation to be served in Alaska as requested by the defendant. The sentence pronounced did not impose imprisonment per se. Nor did the court require that the thirty days be

served at one time.  The sentence imposed does not run afoul of the language in <u>Forbes</u> that § 3561 precludes the imposition of both probation and "straight imprisonment."  172 F.3d at 676.  Just because Nowatak chose to serve thirty days at the outset of his sentence does not restructure the sentence as one for both a commitment sentence and probation.  Although the word "intermitted" was not used in describing the incarceration it was clear from the pronouncement that the thirty days was to be served during the time period of probation.  Nowatak is incorrect that the imposition of the sentence of probation included thirty "consecutive" days of imprisonment.  The word "consecutive" was not used in the pronouncement of the sentence.  **Wherefore, the motion to correct sentence is hereby DENIED.**

DATED this 6th day of December, 2006, at Anchorage, Alaska.

/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge